IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00921-REB-PAC

ERIN LAHR,

      Plaintiff,

v.

BALL AEROSPACE AND TECHNOLOGIES CORPORATION,
a Delaware corporation,

      Defendant.

---

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

      IT IS HEREBY **ORDERED** that Defendant's Unopposed Motion to Amend Answer [filed August 22, 2006; Doc. No. 29] is **GRANTED.** The attached Amended Answer to Complaint and Jury Demand shall be date-stamped and filed this date.

Dated:  August 23, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00921-REB-PAC

ERIN LAHR,

    Plaintiff,

vs.

BALL AEROSPACE AND TECHNOLOGIES CORPORATION,
a Delaware corporation,

    Defendant.

## AMENDED ANSWER TO COMPLAINT AND JURY DEMAND

Defendant Ball Aerospace and Technologies Corporation ("Ball Aerospace"), by and through its attorneys, Holland & Hart LLP, for its Amended Answer to the Complaint and Jury Demand ("Complaint") of Erin Lahr ("Plaintiff") states as follows:

### ANSWER TO "I. INTRODUCTION" SECTION

1. Ball Aerospace is without sufficient information or knowledge as to the truth of the allegations concerning Plaintiff's impairments and, therefore, it denies allegations related to such alleged impairments. Ball Aerospace further states that the performance evaluations referenced in Paragraph 1 of the Complaint speak for themselves and, therefore, any allegations regarding such evaluations are denied. Defendant denies the remaining allegations in Paragraph 1.

### ANSWER TO "II. PARTIES" SECTION

2. Ball Aerospace is without sufficient information or knowledge as to the truth of the allegations in the first sentence of Paragraph 2 and, therefore, it denies the same. Ball

Aerospace admits that it employed Plaintiff from January 22, 2001 through January 14, 2005, but it denies the remaining allegations in Paragraph 2 of the Complaint.

3.  Ball Aerospace admits the allegations in Paragraph 3 of the Complaint.

### ANSWER TO "III. JURISDICTION AND VENUE" SECTION

4.  Ball Aerospace admits that jurisdiction is proper in this Court, but it denies the remaining allegations in Paragraph 4 of the Complaint.

5.  Ball Aerospace admits that venue is proper in this Court, but it denies the remaining allegations in Paragraph 5 of the Complaint.

6.  Ball Aerospace admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which speaks for itself, and that she has received notice of her right to sue. Ball Aerospace denies the remaining allegations in Paragraph 6 of the Complaint.

### ANSWER TO "IV. GENERAL ALLEGATIONS" SECTION

7.  Ball Aerospace admits that it employed Plaintiff as an Engineer I from January 22, 2001 until January 2005, and it states that her performance evaluations speak for themselves. Ball Aerospace denies the remaining allegations in Paragraph 7 of the Complaint.

8.  Ball Aerospace is without sufficient information or knowledge as to the truth of the allegations in the first sentence of Paragraph 8 of the Complaint and allegations related to the diagnosis of an impairment, and it therefore denies the same. Ball Aerospace admits that in July 2003, Plaintiff told Marda Barthuli that Plaintiff had been diagnosed with Crohn's Disease, but it denies the remaining allegations in Paragraph 8 of the Complaint.

9. Ball Aerospace admits that in July 2003, Plaintiff took short-term disability leave and that, upon her return to work, she had numerous absences. Ball Aerospace also admits that, at times, Plaintiff worked evenings and weekends. Ball Aerospace denies the remaining allegations in Paragraph 9 of the Complaint.

10. Ball Aerospace admits that on June 7, 2004, Ms. Barthuli took Plaintiff to the hospital, that Plaintiff told Ms. Barthuli she had been diagnosed with MS, that Plaintiff used sick leave and flex time during the summer of 2004 for absences from work, and that Plaintiff had an unpredictable work schedule. Ball Aerospace denies the remaining allegations in Paragraph 10 of the Complaint.

11. Ball Aerospace denies the allegations in Paragraph 11 of the Complaint.

12. Ball Aerospace admits that in September 2004, Plaintiff was "on call" 24 hours per day for nearly one month to support the CloudSat project. Ball Aerospace denies the remaining allegations in Paragraph 12 of the Complaint.

13. Ball Aerospace admits that Plaintiff received a performance evaluation on or around October 21, 2004, and states that the evaluation speaks for itself. Ball Aerospace denies the remaining allegations in Paragraph 13 of the Complaint.

14. Ball Aerospace admits that Plaintiff submitted a written response to the performance evaluation, and states that her response speaks for itself. Ball Aerospace denies the remaining allegations in Paragraph 14 of the Complaint.

15. Ball Aerospace admits that on November 3, 2004, Ms. Chavez issued a written reprimand to Plaintiff, and states that the reprimand speaks for itself. Ball Aerospace denies the remaining allegations in Paragraph 15 of the Complaint.

16. Ball Aerospace admits that on November 3, 2004, Plaintiff met with Ms. Chavez and a Human Resources representative to discuss the disciplinary action, that Plaintiff expressed concern about the disciplinary action and stated that her symptoms were unpredictable. Ball Aerospace denies the remaining allegations in paragraph 16 of the Complaint.

17. Ball Aerospace admits that Plaintiff was on short-term disability leave from November 11 through approximately mid-December 2004, and that she submitted a letter to Ms. Barthuli and Ms. Leiding, which speaks for itself. Ball Aerospace denies the remaining allegations in Paragraph 17 of the Complaint.

18. Ball Aerospace admits that on January 7, 2005, Ms. Chavez notified Plaintiff that she was being placed on suspension pending an investigation into Plaintiff's failure to comply with the disciplinary action. Ball Aerospace denies the remaining allegations in Paragraph 18 of the Complaint.

19. Ball Aerospace admits that on January 14, 2005, Ms. Chavez and Ms. Leiding informed Plaintiff that she was being terminated immediately. Ball Aerospace denies the remaining allegations in Paragraph 19 of the Complaint.

### ANSWER TO "V. CLAIMS FOR RELIEF" SECTION

#### ANSWER TO "FIRST CLAIM FOR RELIEF" SUBSECTION
#### "Disability Discrimination in Violation of the ADA and the Federal Rehabilitation Act"

20. Ball Aerospace incorporates by reference its responses to Paragraphs 1-19 as its response to Paragraph 20 of the Complaint.

21. The allegations in Paragraph 21 of the Complaint constitute a legal conclusion and, therefore, Ball Aerospace denies the same.

22. Ball Aerospace denies the allegations in Paragraph 22 of the Complaint.

23. Ball Aerospace denies the allegations in Paragraph 23 of the Complaint.

24. Ball Aerospace denies the allegations in Paragraph 24 of the Complaint.

25. Ball Aerospace denies the allegations in Paragraph 25 of the Complaint.

26. Ball Aerospace denies the allegations in Paragraph 26 of the Complaint.

### ANSWER TO "SECOND CLAIM FOR RELIEF" SUBSECTION
### "Retaliation in Violation of the ADA and the Federal Rehabilitation Act"

27. Ball Aerospace incorporates by reference its responses to Paragraphs 1-26 as its response to Paragraph 27 of the Complaint.

28. The allegations in Paragraph 28 of the Complaint constitute a legal conclusion and, therefore, Ball Aerospace denies the same.

29. Ball Aerospace denies the allegations in Paragraph 29 of the Complaint.

30. Ball Aerospace denies the allegations in Paragraph 30 of the Complaint.

31. Ball Aerospace denies the allegations in Paragraph 31 of the Complaint.

### ANSWER TO "THIRD CLAIM FOR RELIEF" SECTION
### Wrongful Discharge in Violation of Public Policy

32. Ball Aerospace incorporates by reference its responses to Paragraphs 1-31 as its response to Paragraph 32 of the Complaint.

33. The allegations in Paragraph 33 of the Complaint constitute a legal conclusion and, therefore, Ball Aerospace denies the same.

34. Ball Aerospace denies the allegations in Paragraph 34 of the Complaint.

35. Ball Aerospace denies the allegations in Paragraph 35 of the Complaint.

Ball Aerospace denies that Plaintiff is entitled to any relief, and it denies any allegation not expressly admitted.

## DEFENSES

1. Plaintiff has failed to state a claim on which relief may be granted.

2. To the extent that Plaintiff bases claims on conduct or events occurring before the applicable filing period or statute of limitations, her claims are barred by law.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, unclean hands, waiver, laches, ratification, acquiescence, and consent.

4. Plaintiff's claims are barred, in whole or in part, by her own lack of good faith, fraud, breach of loyalty, breach of Defendant's policies and procedures, fault and negligence.

5. Defendant has taken reasonable care to prevent or correct promptly any unlawful behavior, and Plaintiff unreasonably has failed to take advantage of Defendant's preventive and corrective opportunities and to avoid harm otherwise.

6. Any adverse action by Defendant was taken in good faith and for legitimate, non-discriminatory and non-retaliatory business reasons.

7. Any claim for emotional injury is due to Plaintiff's personal, interpersonal, medical, psychological, family or other history and not due to any action of Defendant.

8. Plaintiff did not engage in any activity protected by law, nor is there a causal connection between any alleged protected activity and any adverse action.

9. Plaintiff's Third Claim for Relief is barred by the existence of statutory remedies.

10. Plaintiff was not a person with a disability or a qualified person with a disability.

11. Any claim based on a failure to accommodate is barred by Plaintiff's failure to request accommodation.

12. Defendant reasonably accommodated any alleged disability of Plaintiff. To provide further accommodation or to fail to discipline Plaintiff would constitute an undue burden or hardship.

13. Plaintiff has failed to exhaust administrative remedies.

14. The Colorado Workers Compensation Act, COLO. REV. STAT. § 8-4-101 et seq., provides the exclusive remedy for Plaintiff's Third Claim for Relief.

15. Plaintiff's damages, if any, were not actually or proximately caused by Defendant.

16. Plaintiff's damages, if any, are too speculative to be awarded.

17. Plaintiff's damages, if any, are limited under the provision of 42 U.S.C. § 1981a.

18. Plaintiff's claims are barred for failure to mitigate damages.

19. Plaintiff's damages, if any, must be reduced by amounts received from collateral sources under COLO. REV. STAT. § 13-21-111.6 and otherwise.

20. Plaintiff's recovery of damages for non-economic loss or injury, if any, and derivative non-economic loss or injury, if any, are limited by COLO. REV. STAT. § 13-21-102.5.

21. Plaintiff's claims for punitive damages are barred, in whole or in part, by the U.S. and Colorado Constitutions, and the Kolstad doctrine. Such damages cannot be awarded on a theory of respondeat superior. Punitive damages cannot be awarded due to Defendant's good faith efforts to comply with the law and Plaintiff's bad faith in failing to notify Defendant of her concerns or claims.

22. Plaintiff's claims for punitive damages are barred, in whole or in part, by COLO. REV. STAT. § 13-21-102 et seq.

23. Defendant is entitled to attorneys' fees, expenses, and costs under the Americans with Disabilities Act and the Rehabilitation Act.

24. Plaintiff's damages, remedies, and the availability of a jury trial are limited or barred by 42 U.S.C. § 12203.

25. Defendant is entitled to its reasonable attorneys' fees and costs because Plaintiff's claims are not well-grounded in fact or law or a good faith argument to extend existing law.

26. Plaintiff's claims and damages are barred or limited by the after-acquired evidence doctrine.

27. Defendant reserves the right to assert additional defenses as discovery progresses.

WHEREFORE, Defendant seeks judgment against Plaintiff and an Order from this Court:

A. Dismissing the Complaint with prejudice;

B. Awarding the Defendant its attorneys' fees, costs, and expenses associated with this action; and

C. Awarding the Defendant such other and further relief as this Court deems just and proper.

Respectfully submitted this 22nd day of August, 2006

s/ Mark B. Wiletsky
Judith A. Biggs
*Mark B. Wiletsky*
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
Phone: (303) 473-2864
Fax: (303) 975-5292
mbwiletsky@hollandhart.com

**ATTORNEYS FOR DEFENDANT**

## Certificate Of Service

I hereby certify that on August 22, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

sjbenezra@bc-law.com
jaculver@bc-law.com

                        s/Karen Kinnear
                        FOR HOLLAND & HART LLP

3566044_2.DOC